IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF


VS.                        CASE NO. 4:16-CR-40004


MAVERICK BRYAN                                              DEFENDANT


## ORDER

Before the Court is the Government's Appeal of Magistrate Judge's Release Order.  (ECF No. 15).  Defendant Maverick Bryan has filed a response.  (ECF No. 17).  The Court finds this matter ripe for consideration.

On March 16, 2016, Defendant Maverick Bryan was charged by Criminal Complaint with seven counts of mailing a threatening communication in violation of 18 U.S.C. § 876(c). (ECF No. 1).  On March 21, 2016, Defendant appeared before Magistrate Judge Caroline M. Craven for an initial appearance on the Complaint.  (ECF No. 6).  At the initial appearance, the Government stated that it would seek detention, and a detention hearing was set for March 28, 2016.  The detention hearing took place as scheduled before Judge Craven.  Defendant and his counsel, Jeff Harrelson, were present for the hearing.  After considering the evidence presented and the arguments of the parties, Judge Craven found that the Government had not carried its burden of proving by clear and convincing evidence that there are no conditions or combinations of conditions that could be imposed upon the Defendant that would guarantee the safety of the community if he was released.  Therefore, Defendant was released on an unsecured bond (ECF No. 13), and an Order setting the conditions of his release was issued.  (ECF No. 14).

Shortly after the detention hearing, the Government filed the present motion for review of the magistrate judge's detention decision.  This Court conducts a *de novo* review of a magistrate judge's detention decision. 18 U.S.C. § 3145(b); *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985). The Eighth Circuit Court of Appeals has held that "either danger to the community or risk of flight is sufficient to authorize detention." *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir.1986).  In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the Court must consider the following factors set forth in 18 U.S.C. § 3142(g):  the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the defendant's history and characteristics (i.e. criminal history, mental health, community ties); and the nature and seriousness of the danger to any person or the community posed by his release.

Upon review of the audio recording of the March 28 hearing, along with all of the evidence presented by the parties, the Court finds that the magistrate judge's detention decision should be reversed.  The following facts were established at the detention hearing:

1.   Defendant is charged with seven counts of mailing a threatening communication in violation of 18 U.S.C. § 876(c).

2.   The evidence indicates that Defendant mailed letters to seven different mayors in the southwest Arkansas area, threatening "to hang" the mayors if certain political demands were not met.

3.   The evidence further indicates that in December 2015, Defendant placed an ad in the Thrifty Nickel classifieds newspaper requesting $23 million dollars to equip and train a Christian militia to restructure the country.

4.     A search warrant was executed at Defendant's residence after his March 18 arrest. During the search, agents located a 12-gauge shotgun in plain view, as well as rounds of ammunition.

5.     Defendant testified at the detention hearing and admitted to writing the seven letters, placing the classified ad, and having a gun at his residence.

6.     Defendant has several prior convictions.  In December 1987, Defendant was convicted of interstate transportation of a stolen vehicle and receipt of two handguns while under Indictment. In March of 1998, Defendant was convicted of being a felon in possession of a firearm.   In March 2014, Defendant was once again convicted of being a felon in possession of a firearm.

7.     Defendant is currently under supervision with the State of Arkansas as a result of his prior convictions.

Upon consideration of the facts above and all of the factors set forth in 18 U.S.C. § 3142(g), the Court finds that the Government has carried its burden of proving by clear and convincing evidence that there are no conditions of release that this Court can set upon Defendant that will reasonably assure the safety of the community.   First, Defendant has admitted to making the communications alleged in the Indictment.   These communications contained serious threats of a violent nature against government officials.   Second, Defendant has an extensive criminal history involving the possession of firearms.   In addition to his three previous convictions involving firearms, Defendant has admitted that he was impermissibly in possession of a firearm on the day of his arrest.   Thus, Defendant has repeatedly demonstrated his unwillingness to abide by the laws concerning the possession of firearms by a convicted felon.   This pattern of disobedience poses a threat to the safety of the community and gives the Court little hope that Defendant would abide by any conditions set by this Court.

For the reasons stated above, the Court finds that the release order in this case should be revoked and that the Government's motion for detention should be **GRANTED**.  Defendant shall remain in custody pending trial.  The Clerk is hereby directed to issue a warrant for Defendant's arrest.

IT IS SO ORDERED, this 2nd day of May, 2016.

_/s/ Susan O. Hickey_
Susan O. Hickey
United States District Judge