# United States District Court
### WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CASE NO. 4:16-CR-40004-001 |
| § | |
| MAVERICK DEAN BRYAN § | |

### DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE or VARIANCE

Maverick Dean Bryan, Defendant in the above-styled matter, presents to the Court the following issues for consideration in Defendant's sentencing, as well as moves the Court to downward depart or grant variance from the United States Sentencing Guidelines' suggested sentence as set forth in the Presentence Investigation Report as follows:

I.

Mr. Maverick Dean Bryan was Indicted on March 16, 2016, and arrested on the Arrest Warrant that accompanied the Indictment on March 18, 2016. The initial Indictment included seven (7) counts of mailing threatening communications to mayors in Southwest Arkansas. He was released following a detention hearing on March 28, 2016, but was re-arrested on May 5, 2016, following this Court's reversal of the Magistrate's ruling as to his release status. Mr. Bryan has remained in custody since that time. An 8-count Superseding Indictment was issued on May 11, 2016.

Mr. Bryan and the government entered a Plea Agreement, which was presented to this Court on January 25, 2017, where Mr. Bryan entered a guilty plea to Counts 1-7. The Plea Agreement stipulates that the appropriate sentencing range for the Court to consider is twelve (12) to eighteen

(18) months (See Paragraphs 99-102 of the Presentence Investigation Report/"PSR" and the Plea Agreement filed herein - Doc. 35), based upon the parties' understanding that the United States Sentencing Guidelines ("U.S.S.G.") *base* offense level would be twelve (12) pursuant to U.S.S.G. §2A6.1(a)(1), with a two (2) point enhancement for "more than two threats" pursuant to U.S.S.G. §2A6.1(b)(2)(A), making his *adjusted* offense level fourteen (14). With a two (2) level decrease for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a), his anticipated *total* offense level would be twelve (12). The parties understood that his likely criminal history category would be a II, resulting in an anticipated guideline sentence of 12-18 months.

During the plea negotiation process, the parties discussed that the "official victim" enhancement provisions of U.S.S.G. §3A1.2 should not apply and that the grouping provisions of §3D1.1 to §3D1.4 should not be a factor, since all seven (7) letters were identical (with the exception of the addressee) and were all mailed the same day, making it more likely that all the counts would be considered the same criminal episode. Following thorough research of the pertinent United States Sentencing Guideline provisions in the PSR, Defendant did not file any objections to the PSR, as the U.S.S.G. Application Notes for each pertinent section and caselaw did not support any good faith legal objections.

However, Defendant now asserts that the multiple count adjustment, or lack of "grouping", in Paragraphs 91 and 93 of the PSR, defeats the parties' intentions and the reasoning behind the sentencing factors in 18 United States Code §3553(a). The crux of this argument is the meaning of the term "victim". Defendant asserts that all seven letters were technically mailed to seven different individuals, but that each identical letter could be considered having been sent to a single "victim" - a mayor in Southwest Arkansas. As such, the Victim Related Adjustments in Paragraphs 51, 57, 63, 69, 75, 81, and 87 of the PSR, as well as the five (5) point enhancement for the number of units

involved in Paragraph 93 of the PSR, are unwarranted based upon the facts of this case.  Defendant therefore moves the Court for a downward departure, or variance, from the recommended U.S.S.G. sentence set forth in the PSR based upon the reasons set forth herein.  Defendant requests that the Court ratify the parties' agreement as set forth in the Plea Agreement and sentence Defendant within the agreed range of 12-18 months.

WHEREFORE, Defendant prays that the Court grant the relief requested herein and adjust Defendant's sentence accordingly.

> Respectfully submitted,
> HARRELSON LAW FIRM, P.A.
> 300 North State Line Avenue (71854)
> Post Office Box 40 (75504)
> Texarkana, Arkansas
> Telephone:  870/772-0300
> Telefax:   870/772-0302
> Electronic mail: jeff@harrelsonfirm.com
>
> BY:   /s/ **Jeff Harrelson**
>         Jeff Harrelson
>         Arkansas Bar Number 96118
>         Texas Bar Number 00798241

## CERTIFICATE OF SERVICE

I, Jeff Harrelson, Attorney at Law, hereby certify that I have on this 13th day of April, 2017, served the foregoing by electronic mail to the persons listed below:

>   /s/ **Jeff Harrelson**
>      Jeff Harrelson

Mr. David Harris
Assistant United States Attorney

Ms. Amanda Jordan
United States Probation Officer